```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

JAMES JOHNSON #20080020758,  )
                             )
               Plaintiff,    )
                             )
     v.                      )    No. 09 C 6318
                             )
COUNTY OF COOK,              )
                             )
               Defendant.    )

## MEMORANDUM ORDER

County of Cook ("County") has filed its Answer to the First Amended Complaint ("FAC") advanced by James Johnson ("Johnson") based on the asserted violation of his constitutional rights under 42 U.S.C. §1983[1] while Johnson was in custody in County's Department of Corrections ("County Jail"). This memorandum order is issued sua sponte to address several of the affirmative defenses ("ADs") that County's counsel advances following the Answer itself.

As for AD 1, even apart from the conceptual weakness of a qualified immunity defense that can be resolved only through an ultimate factual hearing (usually a trial), qualified immunity applies only to <u>individual</u> Section 1983 defendants. County cannot seek to wrap itself in that mantle, and AD 1 is stricken.

AD 3 asserts that Johnson's claims "accrued more than two years prior to the filing of the lawsuit; therefore the claims

---

[1] All further references to Title 42's provisions will simply take the form "Section--."

are barred by the statute of limitations." Like the uncorrected typographical errors in the caption of the Answer, that reflects total carelessness on the part of the Assistant State's Attorney--Johnson's claim stems from events on and after June 2008, and he filed this action pro se in October 2009. AD 3 is stricken as well.

AD 5 is also unwarranted, for the gravamen of Johnson's FAC (like his original pro se Complaint) implicates physical injury, not just "mental or emotional injury." AD 5 too is stricken.

All that said, however, AD 4 poses a serious problem. It asserts that Johnson failed to satisfy the precondition to a Section 1983 lawsuit established by Section 1997e(a): the required exhaustion of "such administrative remedies as are available." Because the previously scheduled March 22 status hearing in this action had to be reset to 9 a.m. April 6, this Court anticipates posing that issue to Johnson's appointed pro bono counsel at that time. It is hoped that the matter can be resolved swiftly, so that it may be determined whether Johnson's lawsuit may or may not be pursued.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 29, 2010